IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DEVIN P. CHERRY**                                                                                 **PLAINTIFF**

**v.**                                        **CIVIL CASE No. 2:23-cv-00091-HSO-BWR**

**COMMISSIONER OF SOCIAL**                                         **DEFENDANT**
**SECURITY**

**REPORT AND RECOMMENDATION THAT PLAINTIFF'S
APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT
PREPAYING COSTS OR FEES [4] BE DENIED**

BEFORE THE COURT is Plaintiff Devin P. Cherry's Application to Proceed in District Court without Prepaying Costs or Fees [4]. The undersigned recommends that Plaintiff's Application be denied and that Plaintiff be required to pay both the $350 filing fee and $52 administrative fee within 90 days in order to proceed with this civil lawsuit.

I. DISCUSSION

A. Legal Standard

Federal courts may permit parties to proceed *in forma* pauperis to initiate a civil action "without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). The right to proceed without prepayment of fees in a civil case is a privilege and not a right. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 n.2 (1993) (citing 28 U.S.C. § 1915).

"Whether a party may proceed IFP in the district court is based solely upon economic criteria." *Watson v. Ault,* 525 F.2d 886, 891 (5th Cir. 1976)). A plaintiff need not be destitute to proceed *in forma pauperis*, but his poverty must prevent him from

paying the filing fee and providing for himself and dependents (if any) with the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). This Court often looks to the Poverty Guidelines issued by the United States Department of Health & Human Services when determining whether a plaintiff in a civil case should be allowed to proceed without prepaying costs or fees. *See Shepard v. U. S. Postal Inspection Serv.*, No. 2:21-CV-106-KS-MTP, 2021 WL 3828736, at *1 (S.D. Miss. Aug. 6, 2021) (collecting cases), R&R adopted, 2021 WL 3828442 (S.D. Miss. Aug. 26, 2021).

B.  Analysis

Plaintiff is married. [4] at 1. He lives with his spouse and their minor child. *Id.* at 3. Plaintiff reports that he made $7,100 last year, and his spouse earned $2,700 per month. *Id.* at 1. Their combined income for last year was $39,500.00. Plaintiff avers that he does not expect to earn income going forward, and his wife will continue to earn $2,700 per month. Their expected combined income for next year is $32,400.

The applicable Poverty Guideline for a three-person household is $24,860 annually. *See* Annual Update of the HHS Poverty Guidelines, 88 FR 3424-01 (Jan. 19, 2023). Plaintiff's household annual income last year and expected income this year exceed the Poverty Guideline for a three-person household.[1] The household income covers the monthly expenses, and the $140 per month credit card payment

---

1 On page 1 of his Application, Plaintiff reports that his spouse makes $2,700 per month. On page 2 of the Application, Plaintiff reports that his spouse makes $2,800 per month. The Court has used the lower amount in determining whether Plaintiff's household income falls below the Poverty Guideline.

2

cannot be characterized as an expense for the necessities of life. Plaintiff's Application does not suggest that his household is living in poverty and financially unable to pay any portion of the fees associated with filing this civil lawsuit. Plaintiff's Application shows that Plaintiff can pay the $350 filing fee plus $52 administrative fee without sacrificing the necessities of life if given a reasonable amount of time to tender the fees.

## II. RECOMMENDATION

It is the recommendation of the undersigned Magistrate Judge that Plaintiff's Application to Proceed in District Court without Prepaying Costs or Fees [4] be **DENIED** and that Plaintiff be required to pay both the $350 filing fee and $52 administrative fee within 90 days. Should Plaintiff fail to pay these fees within 90 days, the undersigned recommends that this matter be dismissed without prejudice.

## III. NOTICE OF RIGHT TO OBJECT/APPEAL

Within fourteen days after being served with a copy, any party may serve and file with the Clerk of Court written objections to this Report and Recommendation. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection. L.U.Civ.R. 72(a)(3).

A district judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further

evidence or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 25th day of July, 2023.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE